ANDREA T. MARTINEZ, United States Attorney (No. 9313)
CY H. CASTLE, Assistant United States Attorney (No. 4808)
MARK E. WOOLF, Assistant United States Attorney (WA Bar No. 39399)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 | Salt Lake City, Utah 84111
Tel: (801) 524-5682 | Fax: (801) 325-3399 mark.woolf@usdoj.gov | cy.castle@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>$23,625.11 in United States Currency,<br><br>Defendant *in Rem*. | Case No. 2:22-cv-00159-BSJ<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***<br><br>Judge Bruce S. Jenkins |

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America states the following *in rem* action for forfeiture.

## NATURE OF THE ACTION

1. This is a forfeiture action under 21 U.S.C. § 881(a)(6) seeking forfeiture of the Defendant Property more particularly described at Paragraph 8 herein.

2. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides that "[a]ll moneys…furnished or intended to be furnished by any person in exchange for a controlled substance…all proceeds traceable to such an exchange, and all moneys…used or intended to be used to facilitate any violation" is forfeitable to the United States.

3. Because the Defendant Property represents proceeds and/or facilitating property

from a violation of 21 U.S.C. § 841(a)(1), it is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 because this is a civil action commenced by the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1355(a) because this is an "action or proceeding for . . . forfeiture[.]"

5. This Court has *in rem* jurisdiction pursuant to 28 U.S.C. § 1355(b) and (d).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) because the "acts or omissions giving rise to the forfeiture" occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1395 because (1) the forfeiture accrued in this district, and (2) the Defendant Property may be found in this district.

## PARTIES

7. Plaintiff is the United States of America.

8. Defendant *in rem* (referred to as "Defendant Property" throughout this Verified Complaint) is more particularly described as $23,625.11 seized from the residence located at 2960 E. 7230 S., Cottonwood Heights, UT 84121 ("Cottonwood Heights Property").

9. On February 19, 2020, the Defendant Property was seized by Cottonwood Heights Police Department ("CHPD") pursuant to a seizure warrant issued by the Third District Court in and for Salt Lake County, State of Utah.

10. The Defendant Property was deposited by the United States Marshals Service ("USMS") Salt Lake City, Utah into the USMS Seized Asset Deposit Fund Account and remains

2

in the care, custody, and control of USMS, Salt Lake City, Utah.

## FACTS SUPPORTING FORFEITURE

11. In February 2020, CHPD received information that Brett Haycock ("Haycock") actively sold methamphetamine and heroin from his home, the Cottonwood Heights Property.

12. CHPD's information indicated that most of the drug transactions occurred in the detached garage of the Cottonwood Heights Property, where Haycock had an office, and that Haycock stored drugs and money inside the Cottonwood Heights Property.

13. Based on the information, law enforcement conducted surveillance at the Cottonwood Heights Property, observing an unusual amount of short stay traffic enter the property, go to the detached garage, and leave a short time later.

14. Based on the information available, including the information gathered through surveillance, CHPD set up a controlled buy, which went forward in February 2020 at the Cottonwood Heights Property.

15. During the controlled buy, law enforcement observed the purchaser enter the main area of the detached garage at the Cottonwood Heights Property, and then exit the detached garage a few minutes later while Haycock retrieved drugs from inside the main residence of the Cottonwood Heights Property.

16. At the conclusion of the controlled buy, law enforcement observed Haycock exit the home and conduct a hand-to-hand drug transaction in the driveway of the Cottonwood Heights Property.

17. As a result of the controlled buy, law enforcement officers obtained a foil bundle containing methamphetamine; an audio recording of the transaction in which Haycock discussed

the sale, money owed, and price amounts for certain weights of methamphetamine; and a photograph showing Haycock sitting at a desk inside the garage counting a large amount of money laid out on top of the desk.

18. Subsequently, law enforcement officers set up a second controlled buy, wherein Haycock was observed speaking with the purchaser for several minutes before entering the detached garage. After a short time, the purchaser exited the detached garage and returned to a vehicle.

19. As a result of the second controlled buy, law enforcement officers were provided with methamphetamine, confirmed by a field test, purchased from Haycock.

20. Thereafter, CHPD and Murray Police Department executed a search warrant at the Cottonwood Heights Property.

21. Before officers executed the search warrant, they confirmed, through surveillance at the Cottonwood Heights Property, that Haycock had left the property and was not present before the search.

22. During the search of the Cottonwood Heights Property, Haycock, who had been pulled over shortly after leaving the property, admitted, post-*Miranda*, to selling methamphetamines and heroin for many years, and led officers into the detached garage.

23. Haycock pointed out a backpack near his desk in the garage, which contained the Defendant Property. The Defendant Property consisted of forty-two $100 bills, forty-nine $50 bills, 827 $20 bills, twenty-two $10 bills, thirty-two $5 bills, fifty-one $1 bills, twelve quarters, eight dimes, six nickels, and a penny.

24. Haycock then pointed out another backpack behind a tarp hung on the wall, which

4

contained 5.5 gross pounds of methamphetamine (approx. 2,637.3 gross grams).

25. Officers searching the garage also found 200.9 grams (approx. 0.443 lbs.) of heroin and 139 Oxycodone pills inside a safe located next to the desk in the garage.

26. Officers searching the house also found a spiral notebook. The notebook was a paysheet containing names and dollar amounts. Along with the names and numbers, officers noticed the terms "clear" and "black" written next to the numbers. Officers recognized the terms "clear" and "black" as slang terms for crystal methamphetamine and black tar heroin respectively.

27. Shortly thereafter, Haycock was indicted in the United States District Court for the District of Utah, Criminal Case No. 2:20-cr-00124, *United States v. Haycock*, on two counts of possession of a controlled substance with intent to distribute in violation of 18 U.S.C. § 841(a)(1). A notice to forfeit the Defendant Property was included in the indictment.

28. Haycock passed away from terminal lung cancer before the case could go to trial, resulting in dismissal of the indictment.

## FIRST CLAIM FOR RELIEF
21 U.S.C. § 881(a)(6)
(Possession of Methamphetamine with Intent to Distribute)

29. The United States incorporates paragraphs 1-28 as though fully set forth herein.

30. Under 21 U.S.C. § 881(a)(6) "all moneys…furnished or intended to be furnished by any person in exchange for a controlled substance… all proceeds traceable to such an exchange, and all moneys…used or intended to be used to facilitate any violation" is forfeitable to the United States.

31. Specifically, 21 U.S.C. § 841(a)(1) provides:

[I]t shall be unlawful for any person knowingly or intentionally to

manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

32. Haycock knowingly possessed methamphetamine, a schedule II controlled substance, with the intent to distribute or dispense the drug in violation of 21 U.S.C. § 841(a)(1).

33. Therefore, the Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) as property constituting, or derived from, proceeds and/or facilitating property of a violation of section 841(a)(1).

## SECOND CLAIM FOR RELIEF
21 U.S.C. § 881(a)(6)
(Possession of Heroin with Intent to Distribute)

34. The United States incorporates paragraphs 1-33 as though fully set forth herein.

35. Under 21 U.S.C. § 881(a)(6) "all moneys…furnished or intended to be furnished by any person in exchange for a controlled substance…all proceeds traceable to such an exchange, and all moneys…used or intended to be used to facilitate any violation of this subchapter" is forfeitable to the United States.

36. Specifically, 21 U.S.C. § 841(a)(1) provides:

> [I]t shall be unlawful for any person knowingly or intentionally to manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

37. Haycock knowingly possessed heroin, a schedule I controlled substance, with the intent to distribute or dispense the drug in violation of 21 U.S.C. § 841(a)(1).

38. Therefore, the Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) as property constituting, or derived from, proceeds and/or facilitating property of a violation of section 841(a)(1).

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts there is reasonable cause to believe Defendant Property is forfeitable under 21 U.S.C. § 881(a)(6). Accordingly, the United States respectfully requests:

A. That notice of this action be given to all persons known or thought to have an interest in or right against the property;

B. That this Court issues a Warrant of Arrest *in rem* pursuant to Supplemental Rule G(3)(b)(i) for the Defendant Property;

C. That the Defendant Property be forfeited and condemned to the United States of America;

D. That the Court decree, confirm, enforce, and enter an Order of Forfeiture as to the Defendant Property to the United States of America; and thus, order the Drug Enforcement Agency or other applicable federal agency, or their delegates, to dispose of the Defendant Property as provided by law; and

E. That the Court award the United States all other relief to which it is entitled.

Dated this 8th day of March, 2022.

          ANDREA T. MARTINEZ
          United States Attorney


          */s/ Mark E. Woolf*
          MARK E. WOOLF
          Assistant United States Attorney

**VERIFICATION**

I am a Task Force Officer with the Drug Enforcement Agency, and declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture *In Rem*, and that the facts contained therein are based upon my personal knowledge or upon information I obtained in the course of my investigation and are true and correct to the best of my knowledge and belief.

Executed on this  8th   day of March, 2022.

*Michael Martinez*
Michael J. Martinez
DEA Task Force Officer